## GARNISHMENT OF TEN PER CENT. OF WAGES.

Circuit Court of Cuyahoga County.

CHARLES SCHARFENBURG v. W. T. PARSONS, AND EDWARD J. CALLAHAN v. THE KENNEDY FURNITURE COMPANY.

Decided, June 7, 1909.

*Attachment and Garnishment—When Ten Per Cent. of Wages May be Garnished for Necessaries.*

A voluntary payment by a debtor of ten per cent. of his monthly earnings to one creditor for necessaries is no bar to a garnishment of ten per cent. by another creditor, under the provisions of Section 6501, Revised Statutes.

*I. Grossman* and *Charles Scharfenburg,* for plaintiffs in error.
*William A. Spill, Edward J. Callahan* and *Nathan Loeser,* contra.

HENRY, J.; WINCH, J., and MARVIN, J., concur.

These two cases originated in justices' courts and involve a construction of "An act to amend Section 6501 of the Revised Statutes as amended April 26, 1898," passed April 16, 1900 (95 O. L., 376), allowing personal earnings to be garnisheed for debts for necessaries to the extent of ten per cent. per month and costs of suit not exceeding $4.

The precise point in controversy is whether a debtor's voluntary payment of such 10 per cent. to one of his creditors bars another's resort to this statute within thirty days thereafter. We think it does not. Whether it would be otherwise if such payment were involuntary is a question not before us. Such a distinction between voluntary and involuntary payments would, however, sufficiently protect debtors' families against repeated attempts within a single month to take tithings of their blood and sweat. But to hold that mere voluntary payments when made without either demand or process may be a bar, would be to open wide the door to frauds upon the law. At all events we hold that the language of the statute neither requires nor warrants such a construction, and the judgments below are affirmed.